UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE S., | ) | |
| | ) | |
| Plaintiff, | ) | No. 22-cv-6297 |
| | ) | |
| v. | ) | Magistrate Judge Albert Berry III |
| | ) | |
| FRANK BISIGNANO,[1] Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Christine S.[2] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability benefits. The parties have filed cross motions for summary judgment. As detailed below, Plaintiff's motion for summary judgment (Dkt. 14) is GRANTED, and the Commissioner's motion for summary judgment (Dkt. 20) is DENIED. This case is remanded for further proceedings consistent with this Order.

**I. Background**

On May 1, 2020, Plaintiff filed for disability insurance benefits, alleging a disability onset date of October 16, 2019. (Administrative Record ("R.") 401.) Plaintiff's application was denied initially and again denied upon reconsideration. (*Id.*) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 19, 2021. (*Id.*) On December 28, 2021, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled as defined in the Social Security Act. (R. 401-414.) On September 13, 2022, the Appeals Council denied Plaintiff's request for review, (R. 1-4), leaving the ALJ's decision as the final decision of the

---

[1] On May 7, 2025, Frank Bisignano was sworn in as Commissioner of the Social Security Administration (Dkt. 27); pursuant to Federal Rule of Civil Procedure 25(d)(1), he is substituted as the proper defendant for this action.
[2] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name(s).

Commissioner, reviewable by the District Court under 42 U.S.C. §405(g); *see Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). This case was reassigned to Magistrate Judge Berry III on May 5, 2025. (Dkt. 26.)

The ALJ's opinion followed the five-step analytical process required by 20 C.F.R. §404.1520(a)). At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 16, 2019. (R. 403.) At Step Two, the ALJ found that Plaintiff had severe impairments of morbid obesity, cervical spine degenerative disc disease, bipolar disorder, anxiety disorder, and post-traumatic stress disorder. (*Id.*) At Step Three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (R. 405.) In making the Step Three determination, the ALJ considered the so-called "Paragraph B" criteria for mental impairments. The ALJ found that Plaintiff had mild limitations in the functional domains of understanding, remembering or applying information, and adapting or managing oneself. (R. 406.) The ALJ also assessed Plaintiff as having moderate limitations in the functional domains of interacting with others and maintaining concentration, persistence, and pace. (*Id.*) Before Step Four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations: frequently stoop, crawl, crouch, kneel and climb stairs and ramps; occasionally climb ladders, ropes and scaffolds; limited to simple and routine, unskilled jobs, with 1-3 step instructions and routine changes only; occasional contact with the general public; and working primarily alone, having only occasional contact with co-workers. (R. 407.) At Step Four, the ALJ determined that Plaintiff was unable to perform any of her past relevant work. (R. 412.) At Step Five, the ALJ found that there were jobs in significant numbers in the national economy that Plaintiff can perform, given her age, education, work experience, and residual functional capacity. (R. 412-13.) In light of these findings, the ALJ

concluded that Plaintiff was not disabled under the Social Security Act. (R. 413.)

**II.      Standard of Review**

In disability insurance benefits cases, a court's scope of review generally is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence. *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Biestek v. Berryhill*, 587 U.S. 97, 102, 139 S. Ct. 1148, 1154, 203 L.Ed.2d 504 (2019)). While reviewing the Commissioner's decision, the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 1052-53 (quoting *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021)). On the other hand, the Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *see also* 42 U.S.C.§ 405(g).

**III.     Discussion**

Plaintiff argues that the ALJ erred because the RFC assessment limiting Plaintiff to simple and routine, unskilled jobs, with 1-3 step instructions and routine changes failed to account for Plaintiff's moderate limitations in concentration, persistence, and pace. (Dkt. 15 at 6-7.) There is a long line of cases in this District and the Seventh Circuit discussing whether an RFC limiting a claimant to "simple, routine tasks" adequately accounts for a moderate limitation in concentration, persistence, and pace, and "[t]he answer from the Seventh Circuit, time and time again, has been no." *Sheila W. v. Saul*, 395 F. Supp. 3d 974, 978 (N.D. Ill. 2019) (collecting cases). However, more recent developments in Seventh Circuit case law have muddied the waters on this issue. In *Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021), the Seventh Circuit wrote that "a 'moderate'

3

limitation in performing at a consistent pace seems consistent with the ability to perform simple, repetitive tasks at a consistent pace," where the ALJ's RFC assessment relied on the consulting examiners whose narrative RFC assessments "'adequately encapsulate[d] and translate[d]' the checklist" form used by the consulting examiners. *Id.* (quoting *Varga v. Colvin*, 794 F.3d 809, 816 (7th Cir. 2015)).

Here, the ALJ considered two State agency psychological consultants' opinions, who both assessed Plaintiff as having a moderate limitation in the functional domain of maintaining concentration, persistence, and pace. (R. 411-412.) At the initial level, David Voss, PhD., found that Plaintiff was limited in the area of concentration, persistence, and pace. As part of his findings, Dr. Voss completed a form that separated this functional domain into its constituent abilities. Dr. Voss found that Plaintiff was not significantly limited in her ability to: carry out very short and simple instructions; carry out detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; sustain an ordinary routine without special supervision; and make simple work-related decisions. (R. 462.) Dr. Voss also found that Plaintiff was moderately limited in her ability to: maintain attention and concentration for extended periods; work in coordination with or in proximity to others without being distracted by them; and to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (*Id.*) In narrative form, Dr. Voss explained:

> The medical evidence . . . indicates that the claimant can maintain the concentration and persistence necessary to carry out more than simple tasks in a reasonably punctual fashion and consistent pace in a typical work environment. She would have no difficulty attending work regularly and would require no special supervision beyond what is commonly provided in an ordinary work setting. Overall, her mental [medically determinable impairments] would not interfere with her ability to complete routine work tasks.

(R. 462.)

Dr. Voss concluded that Plaintiff's mental RFC allowed her to "retain[] the mental capacity for work related activities that involve more than simple tasks but less that complex duties with limited social demands." (R. 463.)

At the reconsideration level, Howard Tin, PsyD., performed a mental RFC assessment and found that Plaintiff had limitations in sustaining concentration and persistence. (R. 481.) Dr. Tin filled out an almost identical form to Dr. Voss; the one difference was that Dr. Tin found that Plaintiff was not significantly limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest period (whereas Dr. Voss had found her moderately limited in that ability). (R. 482.) Dr. Tin's narrative explanation matched Dr. Voss's verbatim. (R. 482.) Dr. Tin found that Dr. Voss's prior mental RFC was supported by the evidence and consistent with the record and added that Plaintiff was limited to one and two-step tasks. (R. 484.)

The ALJ found the State agency psychological consultants' opinion that Plaintiff had no more than moderate limitations in any of the Paragraph B criteria persuasive. (R. 412-413.) The ALJ elaborated that she found Dr. Voss's opinion persuasive in limiting Plaintiff to work involving simple tasks but less than complex duties with limited social demands. (R. 413.) However, the ALJ rejected Dr. Tin's limitation to 1-2 step tasks because Plaintiff "has a college degree, lived independently, and has demonstrated capability of taking care of all her needs." (*Id.*)

A recent case decided in this District is instructive to the Court's decision here and differentiates the instant suit from *Pavlicek*. In *Morgan S. v. Dudek*, No. 22 CV 3116, 2025 WL 1158558, at *2 (N.D. Ill. Apr. 21, 2025), both State agency psychological consultants (at the initial and review level) completed a checklist form that "found that plaintiff was moderately limited in

5

her ability to (1) carry out detailed instructions, (2) maintain attention and concentration for extended periods, (3) complete a normal workday and workweek without interruptions from psychologically based symptoms and (4) perform at a consistent pace without an unreasonable number and length of rest periods." In the narrative section of the form, both reviewers wrote identical passages, finding plaintiff was "able to understand, carry out and remember simple instructions; able to make judgments commensurate with functions of simple, repetitive tasks; able to respond appropriately to brief supervision and interactions with coworkers and work situations; able to deal with changes in a routine work setting." *Id.* On appeal, the Court remanded the case for further proceedings, writing:

> The Court concludes that substantial evidence does not support the mental RFC determination because the reviewing psychologists' narrative statements did not "adequately encapsulate[ ] and translate[ ]" their checklist findings. *Pavlicek*, 994 F.3d at 783. Despite agreeing in the checklist portions of their reports that plaintiff was moderately limited in her abilities to concentrate for extended periods, complete the workday and workweek without interruptions from psychologically based symptoms, and work at a consistent pace without an unreasonable number of breaks, neither [Stage agency psychological consultant] addressed those limitations in the narrative sections of their reports. Rather, the narrative statements addressed only two areas where the doctors agreed plaintiff had *no* limitations: the ability to execute simple instructions and the ability to make simple work-related decisions. *See* [10-1] 75, 90 (finding that plaintiff was "not significantly limited" in these areas). For her part, the ALJ did not mention the doctors' checklist findings, let alone explain why she had not incorporated them into the RFC assessment. *See* [*id.*] 28. Given the failures by the reviewing doctors and the ALJ to account for several of plaintiff's CPP limitations, the mental RFC determination is not supported by substantial evidence.

*Id.*

Similar to *Morgan S.*, the reviewing psychologists in this case found that Plaintiff was moderately limited in her abilities to concentrate for extended periods of time, work in coordination with or in proximity to others without being distracted by them, and to complete a

normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (R. 462, 481.) And also like the reviewing psychologists in *Morgan S.*, the narrative portion of the consulting psychologists' reports do not adequately encapsulate and translate their checklist findings. For example, Dr. Voss wrote that Plaintiff could carry out simple tasks in a reasonably punctual fashion and consistent pace in a typical work environment and could attend work without needing special supervision. (R. 462.) This narrative explanation mostly considers issues where Plaintiff was not limited (*e.g.*, completing simple tasks, not requiring special supervision, punctuality), but does not provide any accommodation or discussion of the abilities where Dr. Voss found Plaintiff was moderately limited (*e.g.*, maintaining attention and concentration for extended periods, or working with others without distraction). (*Id.*) And at least one portion of this narrative explanation is inconsistent with the checklist findings; Dr. Voss checked off that Plaintiff was moderately limited in her ability "to perform at a consistent pace without an unreasonable number and length of rest periods," but then directly below wrote in his narrative portion that Plaintiff "can maintain . . . a consistent pace in a typical work environment." (*Id.*) Nor were these limitations woven into the mental RFC narrative statement, which simply found that Plaintiff retained "the mental capacity for work related activities that involve no more than simple tasks but less than complex duties with limited social demands." (R. 463.) While Dr. Voss's ultimate RFC finding does accommodate Plaintiff's moderate limitation in the domain of social interaction (*i.e.*, "limited social demands"), the only accommodation for concentration, persistence, and pace (*i.e.*, less that complex duties) is at odds with the checklist which found that Plaintiff was not significantly limited in her ability to carry out detailed instructions. (R. 462.)

  As in *Morgan S.*, "the ALJ did not mention the doctors' checklist findings, let alone explain why she had not incorporated them into the RFC assessment." *See* 2025 WL 1158558, at *2.

7

Therefore, this is not a case like *Pavlicek* where the ALJ's RFC assessment relied on consulting examiners whose narrative RFC assessments adequately encapsulated and translated the checklist form used by the consulting examiners. *See* 994 F.3d at 783. As such, the ALJ's mental RFC determination is not supported by substantial evidence because it fails to account for several of plaintiff's concentration, persistence, and pace limitations.

The Court recognizes that Dr. Tin found that Plaintiff had no significant limitations in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (R. 482.) However, Dr. Tin's narrative section suffers from the same issue as Dr. Voss's because Dr. Tin did not address the areas where he found Plaintiff moderately limited (*i.e.*, sustaining concentration and persistence). Additionally, the ALJ made no discussion of this difference between the opinions of Dr. Voss and Dr. Tin. In fact, the ALJ accepted Dr. Voss's opinion wholesale, but did not accept some of Dr. Tin's findings. (R. 412.) It is conceivable that the ALJ found persuasive Dr. Tin's opinion that Plaintiff had no significant limitations in her ability to perform at a consistent pace without an unreasonable number and length of rest periods. But The Court is left to guess because the ALJ did not discuss the distinction between the reviewers' findings other than rejecting Dr. Tin's limitation to 1-2 step tasks. (*Id.*) The ALJ should also clarify this issue on remand. For the reasons discussed above, the Court remands the case for further proceedings consistent with this opinion.[3]

---

[3] Because the Court remands the case on this basis, it does not reach the other issues raised by Plaintiff on this appeal.

## IV. Conclusion

Plaintiff's motion for summary judgment (Dkt. 14) is GRANTED, and the Commissioner's motion for summary judgment (Dkt. 20) is DENIED. This case is remanded for further proceedings consistent with this Order.

DATED: July 3, 2025

_____

Albert Berry III
United States Magistrate Judge